## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,                          :
                                            :
            Plaintiff,                :
                                            :
        v.                          :     Civil Action No. 06-571-GMS
                                            :
UNITED STATES POSTAL SERVICE,               :
and NALC LOCAL 191,                         :
                                            :
           Defendants.                :


## BRIEF IN SUPPORT OF UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, PURSUANT TO <u>RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated: November 20, 2006

# TABLE OF CONTENTS

                                                                        **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF FACTS AND NATURE AND STAGE OF
THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.    Plaintiff's Complaint is barred by the doctrine of *res judicata* . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B.    Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata* . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

### <u>CASES</u>

*Bradley v. Pittsburgh Bd. Of Educ.*
   913 F.2d 1064 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brian K. Reinbold v. NALC Local 1977 et al*
   C. A. No. 04-342 (GMS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Carino v. Stefan*
   376 F.3d 156 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Carlisle v. Matson Lumber Co.*
   186 Fed. Appx. 219 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Doug Grant, Inc. v. Greate Bay Casino Corp.*
   232 F.3d 173 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Langston v. Insurance Company of North America*
   827 F.2d 1044 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mpoyo v. Lipton Electro-Optical Systems*
   430 F.3d 985 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Thomas v. Consolidation Coal Company*
   380 F.2d 69 (4th Cir. 1967)
   *cert. denied*
   389 U.S. 1004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Athlone Industries, Inc.*
   746 F.2d 977 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### <u>OTHER AUTHORITIES</u>

Federal Rules of Civil Procedure
   9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   12(a)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDING

The facts relevant to the Motion to Dismiss filed by the United States Postal Service ("USPS") are those relating to the procedural history of this case. *Pro se* Plaintiff Brian Reinbold initially filed suit against two "Branches" of the National Association of Letter Carriers ("NALC") in Delaware state court, apparently (on information and belief)[1] claiming that NALC had violated its duty of fair representation of Plaintiff in connection with his grievance against the USPS for terminating him from employment. NALC removed the action to the District Court, where it was docketed as C.A. No. 04-342 (GMS). Mr. Reinbold then filed a complaint in this Court, naming both NALC and the USPS, and adding an allegation of wrongful discharge by the latter. That Complaint, attached as Exhibit A, was docketed as C.A. No. 05-47 (GMS). The two actions were consolidated for discovery purposes.

The factual allegations in Plaintiff's succinct initial complaint in this Court (D.I. 1 in C.A. No. 05-47; *see* Exhibit A), in their entirety, were as follows:

> Between January 1, 2003 and December 31, 2004 the defendants engaged in unfair labor practices against Plaintiff and failed to represent Plaintiff per the Collective Bargaining Agreement causing financial harm and job advancement and promotion and termination.

Following a period for discovery (during which Plaintiff failed to discharge his discovery obligations), both the USPS and NALC moved for summary judgment as a matter of law. The Court granted those motions and dismissed the cases on the merits.[2] Specifically, the court found

---

[1] Counsel for the USPS is relying upon representation made to the Court in previous pleadings and correspondence, not having seen the underlying documents.

[2] Plaintiff subsequently moved for reconsideration (D.I. 39) and for appointment of counsel (D.I. 40), then asked to withdraw his motions (D.I. 48). Ultimately, Plaintiff's motions were denied. (D.I. 49).

that NALC had not breached its duty of fair representation of Plaintiff and, as a result, as a matter of law, Plaintiff could not make the threshold showing necessary to establish liability on the part of the USPS.

Following dismissal of his claims in this Court, Plaintiff again filed suit in Delaware state court, naming both the USPS and NALC, again alleging wrongful discharge and failure of representation by the defendants, respectively. Again, NALC removed the action to this Court, where it was docketed as captioned above. The factual allegations in the instant Complaint (D.I. 1, attached as Exhibit B), in their entirety, are as follows:

> On or about January 1, 2003 through January 31, 2005 the defendants wrongfully terminated employment, acted in bad faith, harassed, representative [sic] in bad faith against plaintiff.

As if to remove all doubt whether the instant Complaint is grounded in the identical set of facts and circumstances as alleged in his previous suit, Plaintiff clarifies that the relief he seeks is virtually identical to that earlier sought. The complaint in C.A. No. 05-47 specified that he sought "[m]oney damages of all back pay and a return to former position in company." In the instant matter Plaintiff seeks the same relief, listed in more detail as "all back pay, reinstate full seniority, medical benefits, promotion status, sick leave, vacation time and employment benefits."

Plaintiff moved for summary judgment against the USPS in this action, on the grounds that the USPS' response to his Complaint was untimely. D.I. 10. The USPS responded, denying that service of the Complaint had ever been properly effected and pointing out that, in any case, its response was filed within sixty days of the date Plaintiff claims to have effected service, in compliance with Rule12(a)(3)(A) of the Federal Rules of Civil Procedure. D.I.13.

The USPS has now filed a Motion to Dismiss, seeking dismissal with prejudice, on the grounds that the present Complaint is barred by the doctrine of *res judicata*. This is the Opening Brief in support of the USPS' motion.

## SUMMARY OF ARGUMENT

1.    Plaintiff's Complaint is barred by the doctrine of *res judicata*.

## ARGUMENT:

### A.    Legal Standard

A Motion to Dismiss for failure to state a claim will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). The Court will accept as true all factual allegations in the Complaint, and view them in the light most favorable to the plaintiff. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183 (3d Cir. 2000).

### B.    Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata*

The doctrine of *res judicata* is an affirmative defense, requiring the party asserting it to bear the burden of showing that it applies. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). Determining the applicability of *res judicata* requires consideration of three elements. "In order for *res judicata* to apply, 'it is necessary that: 1) there be a final judgment on the merits; 2) the party against whom the bar is asserted is the same; and 3) the subsequent suit is based upon the same cause of action.'" *Carlisle v. Matson Lumber Co.*, 186 Fed. Appx. 219, 223 (3d Cir. 2006) (quoting *Athlone*, 746 F.2d at 983).

In the event Plaintiff responds that he now has additional evidence to support his wrongful discharge claim, it is clear that when the doctrine applies, a plaintiff is barred from

-3-

relitigating not only the identical claims that were previously decided, but also claims that *might have been asserted* in the prior litigation, but were not. *Bradley v. Pittsburgh Bd. Of Educ.,* 913 F.2d 1064, 1070 (3d Cir. 1990) (emphasis added).

The applicability of this affirmative defense to wrongful discharge claims has been addressed by several courts. In *Langston v. Insurance Company of North America*, 827 F.2d 1044, 1046 (5th Cir. 1987) the plaintiff filed a wrongful discharge claim against his former employer in state court. The case was removed to District Court, then dismissed on summary judgment. Plaintiff filed a second suit, for the first time claiming age discrimination as a basis for his wrongful discharge action. The second action was held barred by *res judicata*, since it arose from the same transaction or wrong, and the age discrimination argument could have been raised in the first suit. The Court ruled "it is black letter law that *res judicata* . . . bars all claims that were or *could have been* advanced in support of the cause of action on occasion of its former adjudication." *Id.* (emphasis in original). *Accord, Mpoyo v. Lipton Electro-Optical Systems*, 430 F.3d 985 (9th Cir. 2005) (former employee's second wrongful discharge suit against former employer barred by *res judicata* where both claims arose out of same series of transactions, which lead to plaintiff's termination, and the subsequent claims could have been asserted in the first lawsuit, which had been dismissed on summary judgment).

Similarly, in *Thomas v. Consolidation Coal Company*, 380 F.2d 69 (4th Cir. 1967), *cert. denied* 389 U.S. 1004, the Court found a second wrongful discharge claim to be barred by *res judicata* where the initial suit had been dismissed on the merits. In *Thomas*, nine plaintiffs had alleged wrongful discharge by their employer, in violation of the Collective Bargaining Agreement between their union and the employer, and also alleged a conspiracy between the

-4-

union and the employer to resolve the grievance procedures by sustaining the lawfulness of the discharges. Plaintiffs filed suit in state court, which was dismissed on defendants' motion, without opinion. Following an unsuccessful appeal to the state supreme court, the plaintiffs filed a complaint in District Court, which was dismissed on technical grounds (*i.e.* that it failed to allege fraud with sufficient particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.) On appeal, the Fourth Circuit considered the defendants' *res judicata* argument, noting that the same nine plaintiffs in the federal suit had raised "substantially the same factual allegations," against the same defendants, as in the state court action. *Id.*, 380 F.2d at 75. The Court engaged in the following thoughtful analysis:

> Res judicata is a broad, judicially-developed doctrine under which the courts have sought to deal with the problems posed by the effects, if any, of a prior judgment on subsequent litigation. 'The principal of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.' [citation omitted.] The general rule in regard to cases where, as here, a defendant has prevailed in a former action is stated in the Restatement of Judgments [footnote omitted] as follows: Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action. (Restatement § 48.)

*Id.*, 380 F.2d at 77. The court went on to point out the salutary effect of the rule: "[i]f the State has afforded an opportunity to the parties to litigate their claims and a final judgment has been rendered, it is to the public interest that they should not be permitted to relitigate the same matters." *Id.* The Fourth Circuit concluded that the prior state court dismissal barred the subsequent federal lawsuit.

The USPS respectfully argues that application of the doctrine of *res judicata* to the facts of the instant case is a straightforward matter. This Court's Opinion and Order of April 10, 2006,

granting summary judgment in favor of the USPS, was a final judgment on the merits. The "party against whom the bar is asserted" – *i.e.* the Plaintiff – is the same individual who brought the previous suit. And this subsequent suit is based upon the identical causes of action – wrongful discharge and violation of the duty of representation – as in the previous case. Accordingly, there is "no set of facts in support of plaintiff's claim" (*Carino*, 376 F.2d at 159), that would entitle him to relief, and dismissal of the Complaint with prejudice, on *res judicata* grounds, is warranted.

## CONCLUSION

For the reasons and upon the authorities cited herein, the USPS moves the Court to dismiss the captioned matter, with prejudice, on the grounds it is barred by the doctrine of *res judicata*.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorney
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    P. O. Box 2046
    Wilmington, DE 19899-2046
    (302) 573-6277
    Patricia.Hannigan@usdoj.gov

Dated:  November 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on **November 20, 2006,** I electronically filed an **BRIEF IN SUPPORT OF UNITED STATES POSTAL SERVICE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** with the Clerk of Court using CM/ECF. Notification of such filing will be electronically mailed to the following:

**Susan E. Kaufman, Esquire**
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899
(302) 658-1800
skaufman@hgkde.com

Notification of such filing will be sent via **Federal Express** to Plaintiff at the following address:

**Brian K. Reinbold**
3909 Delaware Street
Marshallton, DE 19808
(302) 753-4827
*Pro Se*

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Exhibit  A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

IN THE MATTER OF :

BRIAN K REINBOLD
     Plaintiff

    0  5   4 7

- against-

**PLAINTIFF DEMANDS TRIAL BY JURY**

UNITED STATES POSTAL SERVICE
aka. USPS.
        &
   NALC LOCAL 191
      Defendants



2005 JAN 28 PM 4:12
FILED U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### COMPLAINT

1. At all times hereinafter mentioned, plaintiff was and still is a resident of Delaware

2. Defendant, USPS, is a U.S. Government agency
Defendant, NALC Local 191 is a resident of Delaware

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C 1441(b)/39 U.S.C 1203(a), 1209(b)

4. Between January 1, 2003 and December 31, 2004 the Defendants engaged in unfair labor practices against Plaintiff and failed to represent Plaintiff per the Collective Bargaining Agreement causing financial harm and job advancement and promotion and termination

5. WHEREFORE, plaintiff demands:

Money damages of all back pay and a return to former position in company.

Permanent injunction against the defendants from performing acts in future.

Any further relief which the court may deem appropriate.

Brian K Reinbold
PO Box 2565
Wilmington, DE 19805

DATE: 01/28/05

2005 FEB -3 AM 10:37
RECEIVED
U.S. ATTORNEY'S OFFICE

# Exhibit  B

## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

BRIAN K REINBOLD

    Plaintiff

    v.

UNITED STATES POST OFFICE
WILMINGTON, DE INSTALLATIONS
    &
NALC LOCAL 191

    Defendants

**2006 - 08 - 241**

Civil Action No.
JURY TRIAL

### COMPLAINT

1. Plaintiff is a citizen of the State of Delaware

2. Defendants are citizens of the State of Delaware residing at(please see attached)

3. On or about January 1, 2003 trough January 31, 2005 the defendants wrongfully terminated employment, acted in bad faith, harassed, representative in bad faith against plaintiff

4. Plaintiff, therefore asks the Court to award the Plaintiff all back pay, reinstate full seniority, medical benefits, promotion status, sick leave, vacation time and employment benefits.

BRIAN K REINBOLD
3909 DELAWARE STREET
MARSHALLTON, DE 19808-5709
(302)753-4827

# Exhibit  C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,                          :

        Plaintiff,                       :

        v.                               :     Civil Action No. 04-342-GMS

NATIONAL ASSOCIATION OF LETTER               :
CARRIERS BRANCH 1977,                        :

        Defendant.                       :

---

BRIAN K. REINBOLD,                           :

        Plaintiff,                       :

        v.                               :     Civil Action No. 05-47-GMS

UNITED STATES POSTAL SERVICE,                :
 and NALC LOCAL 191,                        :

        Defendant.                       :

## OPENING BRIEF OF THE UNITED STATES POSTAL SERVICE
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Dated:  November 29, 2005

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     THE NALC DID NOT BREACH ITS STATUTORY DUTY OF FAIR REPRESENTATION, THUS PLAINTIFF'S CLAIMS AGAINST THE USPS MUST FAIL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    EVEN IF THE NALC DID BREACH ITS DUTY OF FAIR REPRESENTATION, THE USPS IS ENTITLED TO SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**CASES**                                                                                 **PAGE**

*Celotex Corp. v. Catrett*
    477 .S.Ct. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hines v. Anchor Motor Freight, Inc.*
    424 U.S. 554 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Horowitz v. Fed. Kemper Life Assurance Co.*
    57 F.3d 300 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pa..Coal Ass'n v. Babbitt*
    63 F.3d 231 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vaca v. Sipes*
    386 U.S. 171 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Weber v. Potter*
    338 F.Supp. 2d 600 (E.D.Pa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Whitten v. Anchor Motor Freight, Inc.*
    521 F.2d 1335 (6th Cir. 1975)
    *cert. denied*
    425 U.S. 981 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Woloszyn v. Lawrence County*
    396 F.3d 314 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES & OTHER AUTHORITIES

    28 U.S.C. § 1441(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    39 U.S.C. § 1208(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    39 U.S.C. § 1209(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure
    56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    902(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## NATURE AND STAGE OF PROCEEDINGS

On or about January 28, 2005, the *pro se* Plaintiff filed a five-paragraph Complaint alleging a "hybrid" cause of action against the United States Postal Service (USPS) and the National Association of Letter Carriers Local 191 ("NALC"), under 28 U.S.C. § 1441(b) and 39 U.S.C. §§ 1208(a) and 1209(b). D.I.-1.[1] Plaintiff alleged that the defendants engaged in "unfair labor practices" and that the NALC breached its duty of fair representation. *Id.*

This matter was subsequently consolidated, for discovery purposes only, with *Reinbold v. NALC Branch 1977*, C.A. No. 04-342 (GMS). D.I.-18.

All three defendants have filed motions to dismiss. D.I.-22 in C.A. No. 05-047 (both NALC Locals); D.I.-24. In addition, divining that the "unfair labor practice" alleged against it is a wrongful discharge in violation of the Collective Bargaining Agreement ("CBA") between it and the NALC, the USPS has filed a Motion for Summary Judgment. This is the Opening Brief in Support of the USPS' Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

1.    The NALC did not breach its statutory duty of fair representation, thus Plaintiff's claims against the USPS must fail.

2.    Even if the NALC breached its duty of fair representation, taking all the facts in the light most favorable to Plaintiff, the USPS is entitled to summary judgment.

---

[1] References to Docket Item numbers refer to items docketed in C.A. No. 05-047 (GMS).

## STATEMENT OF FACTS

In October of 2004, Plaintiff was a "part-time flexible" letter carrier assigned to the Lancaster Avenue Station of the Wilmington Post Office. See Exhibit 1, attached, RIN00141.[2] He had previously been disciplined on several occasions, including a Letter of Warning dated January 4, 2003 and a seven-day suspension on April 4, 2003, both for failure to follow instructions. RIN00003.

On July 7, 2003, he received a fourteen-day suspension for failure to follow instructions. RIN00003. On that occasion, he had been instructed to provide evidence of an alleged court appearance on June 27, 2003, and the time he was released from court, but failed to do so. RIN00005, 8, 9. He had also been instructed to report back to work as soon as he was released from court, but failed to do so, nor did he call to notify his supervisor of his intention not to report to work. *Id.* He was advised in writing at that time by his supervisor, "I must warn you that future deficiencies will result in more severe disciplinary action being taken against you. Such action may include reduction in grade and/or pay, or removal from the Postal Service." RIN00004.

Following representation by NALC at Step A in the grievance process on November 20, 2003, the discipline arising from the June 27, 2003 infraction was reduced from a fourteen-day suspension to a Letter of Warning. RIN00001.

---

[2] All "RIN_ _ _ _ _" references are to documents produced to Plaintiff in the USPS' Rule 26 Initial Disclosures, Bates numbered RIN00001 - RIN00200. D. I.-20. The referenced documents are attached collectively as Exhibit 1, in numerical order therein, followed by a Certification pursuant to Rule 902(11) of the Federal Rules of Civil Procedure, by the USPS Custodian of records, to the effect that the pages included in Exhibit 1 are true and correct copies of records made and kept in the regular course of business.

On August 11, 2003, Plaintiff was disciplined for "discarding deliverable mail" and "failure to follow instructions". RIN00011. Specifically, he had been instructed to read a "Standard Operating Procedure" ("SOP") regarding the procedure he had violated by discarding deliverable mail. He was further instructed to sign the SOP and to place a copy in his route book. He did neither. *Id.*

Once again, the initial discipline -- a fourteen-day suspension -- was subsequently reduced, this time to a seven-day suspension at Step A in the grievance process, on November 20, 2003. *Id.* RIN00010. And again, Plaintiff was advised by his supervisor "I must warn you that future deficiencies will result in more severe disciplinary action being taken against you. Such action may include reduction in grade and/or pay, or removal from the Postal Service." RIN00012.

On November 6, 2003, Plaintiff was disciplined a fifth time for failure to follow instructions. RIN00119. This time, when Plaintiff called in sick, he was instructed to bring medical documentation on his return to work. When he returned, he refused to do so, saying that he "didn't need it." *Id.* He was given a fourteen-day suspension for failure to follow instructions, and was issued the same warning once again. *Id.*

On July 21, 2004 Plaintiff was disciplined again for failure to follow instructions. RIN00129. On that occasion, a supervisor instructed him to deliver mail on a particular route. Plaintiff looked directly at his supervisor, saying nothing, then walked into the building and clocked out. *Id.* Clocking out without his supervisor's approval was, itself, another violation of standard operating procedure. *Id.* As a result of this incident, Plaintiff was notified that he would be removed from the Postal Service. *Id.*

However, yet again, that discipline was reduced, this time to a thirty-day suspension at Step B in the grievance process on September 13, 2004, following vigorous representation by NALC. RIN00124, 128.

In fact, it was the seventh time he was cited for failure to follow instructions that precipitated his final removal. The final incident occurred only five days after Plaintiff had returned to work on October 15, 2004, following the thirty-day suspension. RIN00146. This time the infraction was use of overtime, after Plaintiff was specifically told that overtime was not authorized. *Id.* As a result of that incident, he was notified on October 27, 2004, that he would be removed from the Postal Service for failure to follow instructions. RIN00146. Once again, Plaintiff filed a grievance and was afforded vigorous representation by NALC, including requests for the production of documents by the USPS management, and the submission of multiple statements and documents in support of Plaintiff throughout the grievance process. RIN00143, 153, 158, 162, 164-167, 169-171, 187.

At the conclusion of that grievance procedure, Plaintiff appealed his removal to a Dispute Resolution Team, comprised of one NALC representative and one USPS representative. According to the report of the Dispute Resolution Team, the "Union's main contention [was] that [Plaintiff was] being singled out because he was issued a Notice of Removal dated July 21, 2004 for Failure to Follow Instructions." RIN00144, 163. The Dispute Resolution Team concluded "[t]here is no documentation in the file that would support this contention. There is no dispute that the Carrier did not follow the instructions that he was given by Management the morning that he committed these infractions. This employee has been given numerous chances and opportunities to improve his work ethic and performance as indicated by his previous discipline

- 4 -

record.  The Dispute Resolution Team finds it hard to understand how an employee who just

returned from serving a 30-Day-Loss of Pay Suspension for 'Failure to Follow Instructions'

would just ignore the instructions given to him by his Supervisor."  RIN00144.

Plaintiff was finally removed from the Postal rolls for just cause, effective December 16,

2004.  RIN00142.

## ARGUMENT

### I.    THE NALC DID NOT BREACH ITS STATUTORY DUTY OF FAIR REPRESENTATION, THUS PLAINTIFF'S CLAIMS AGAINST THE USPS MUST FAIL

**Summary Judgment Standard**

Pursuant to the Federal Rules of Civil Procedure, a court will grant summary judgment

where "the pleadings, depositions, answers to interrogatories and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  Facts that could

alter the outcome are material.  *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302

n. 1 (3d Cir. 1995) (internal citations omitted.)  In applying this standard, the court will "view the

underlying facts and all reasonable inferences therefrom in the light most favorable to the party

opposing the motion."  *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  If the

nonmoving party fails to make a sufficient showing on an essential element of its case with

respect to which it has the burden of proof, the moving party is entitled to judgment as a matter

of law.  *See Celotex Corp. v. Catrett*, 477 .S.Ct. 317, 322 (1986).  To avoid summary judgment,

Plaintiff must present some evidence, more than a scintilla, enough that a jury could reasonably

find for Plaintiff.  *Id., Woloszyn v. Lawrence County*, 396 F. 3d 314, 319 (3d Cir. 2005).

As more fully set forth below, a material element which Plaintiff must preliminarily prove, before the court can reach his wrongful discharge claim against the USPS, is that the NALC breached its duty of fair representation to him. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570 - 571 (1976); *Weber v. Potter*, 338 F.Supp. 2d 600, 606 (E.D.Pa. 2004). Plaintiff has alleged no facts in support of his claim against the NALC, and the record reveals none. Because he cannot carry his burden of proof on that essential element of his case, the USPS is entitled to summary judgment in its favor.

**NALC's Representation**

Plaintiff cannot prevail on his claim that NALC breached its duty of fair representation unless he produces evidence that NALC's conduct toward him was "arbitrary, discriminatory or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Conclusory allegations of bad faith, absent an affirmative showing to the contrary by the Plaintiff, will not sustain his cause of action against the union for breach of its duty. *Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335, 1341 (6th Cir. 1975), *cert. denied*, 425 U.S. 981 (1976).

Here, as reviewed in the Statement of Facts, *supra*, the evidence shows that the NALC had a history of vigorous representation of this problem employee. NALC had previously been successful in reducing Plaintiff's discipline on three different occasions. In addition, NALC actively represented Plaintiff regarding the incident that finally lead to his removal. Plaintiff's three-line allegation at paragraph 4 of his "bare-bones" complaint (D.I.-1) does not even allege any facts on which the court could rest a contrary finding. That failure is magnified by Plaintiff's failure to cooperate in discovery, as outlined in the defense motions to dismiss. D.I.-16, 18.

Accordingly, taking the facts in the light most favorable to him, Plaintiff cannot show any breach of NALC's duty to him.

As a result of his inability to show that the NALC violated its duty to him, Plaintiff's claim against the USPS is doomed. It is clear that, in order to recover from the USPS for a violation of a collective bargaining agreement, he must first show that his union breached its statutory duty of fair representation in handling his grievance. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. at 570-571. NALC's breach is a threshold legal issue, a "material fact", which must be shown before the Court can address the merits of Plaintiff's claim of wrongful discharge by the USPS. *Vaca v. Sipes*, 386 U.S. at 186. Since Plaintiff is unable to show the union's breach, any claims against the USPS are barred. *Weber v. Potter*, 338 F. Supp. 2d at 606. The USPS is entitled to summary judgment as a result of Plaintiff's inability to carry his burden of proof on this threshold issue.

## II.    EVEN IF THE NALC DID BREACH ITS DUTY OF FAIR REPRESENTATION, THE USPS IS ENTITLED TO SUMMARY JUDGMENT

### Summary Judgment Standard

The summary judgment standard as set forth above applies to this argument. Unless the Plaintiff can show that there is a genuine issue of material fact regarding each element of his claim of wrongful discharge, the USPS is entitled to summary judgment.

### Wrongful Discharge

The terms and conditions of Plaintiff's employment with the USPS were set forth in the Agreement between United States Postal Service and National Association of Letter Carriers, AFL-CIO, 2001-2006" ("Collective Bargaining Agreement" or "CBA"), Article 16 of the CBA

- 7 -

provides the procedures to be followed by the USPS in disciplining employees. See Exhibit 2, attached. The disciplinary procedures are designed to be, in the first instance, "corrective in nature, rather than punitive." Exhibit 2, page 78. The disciplinary process is typically, as was the case with Plaintiff, "progressive" in nature, *i.e.* comparatively modest discipline for an initial infraction, then increasingly punitive for each subsequent infraction, up to the final penalty of removal from the Postal Service. Exhibit 2, page 79. RIN00192 (excerpt from the CBA "Administration Manual"). In order to remove an employee, the Postal Service must have "just cause." *Id.*

As set forth in the Statement of Facts, *supra*, it is undisputed that Plaintiff had a history of disciplinary problems and had moved steadily up the progressive discipline chain to the ultimate sanction of removal. Plaintiff has not shown even a "scintilla" of evidence to the contrary. There is no genuine issue of material fact here. Instead, upon these facts, it is clear Plaintiff cannot bear his burden of proving that his discharge was unlawful. Summary judgment should be granted to the USPS as a matter of law.

## **CONCLUSION**

For the reasons stated and upon the authorities cited herein, the USPS respectfully moves

the court to grant summary judgment in its favor.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:   /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov

Dated:November 30, 2005

# Exhibit  D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,                      )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     Civil Action No. 04-342 (GMS)
                                        )     Civil Action No. 05-47  (GMS)
NALC LOCAL 1977, et al.                 )
                                        )
          Defendants.                   )

## <u>ORDER</u>

### I.    INTRODUCTION

On April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the National

Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC

defendants") in the Court of Common Pleas for the State of Delaware, New Castle County. The

complaint alleges that, between May 2001 and April 2004, the NALC defendants did not act in good

faith in representing Reinbold under his collective bargaining agreement (the "CBA"). The NALC

defendants subsequently removed the lawsuit to this court on May 27, 2004. On January 28, 2005,

Reinbold filed a similar action against the United States Postal Service (the "USPS") and the NALC

Branch 191, alleging that, between January 1, 2003 and December 31, 2004, the defendants engaged

in unfair labor practices against him and failed to represent him per the CBA. Presently before the

court is the USPS' motion for summary judgment. For the reasons that follow, the court will grant

the motion.

### II.    BACKGROUND

Reinbold's complaint does not provide any information other than his unfair labor, bad faith

representation, and breach of the CBA claims. Additionally, Reinbold has not filed a response to

the USPS' motion.  Therefore, the court will adopt the statement of facts set forth by the USPS in

its memorandum in support of its motion, and provided by the exhibits to the memorandum.  In 2003

and 2004, Reinbold was employed by the USPS as a "part-time flexible" letter carrier and assigned

to the Lancaster Avenue Station of the Wilmington Post Office.  (See D.I. 32, at 2.)[1]  He filed the

present actions after the USPS removed him from his position, due to his history of on-the-job

disciplinary problems, which the court details below.

On July 7, 2003, Reinbold received a fourteen-day suspension for failure to follow

instructions, when he refused to provide evidence of an alleged court appearance, which kept him

out of work on June 27, 2003.  (Id. Ex. 1 at RIN00003.)  The suspension notice also warned that

"future deficiencies will result in more severe disciplinary action."  (Id. at RIN00004.)  According

to the suspension notice, Reinbold had failed to follow instructions and Standard Operating

Procedures ("SOP") in the past, on January 4, 2003, and April 4, 2003, and was receiving the

suspension because prior letters of warning had not impressed upon him the seriousness of his

actions.  (Id. at RIN00003-4.)  In response to the suspension, Reinbold initiated the formal grievance

process.  The NALC defendants represented Reinbold during the first step of the process, on

November 20, 2003, and were able to get his infraction reduced from a fourteen day suspension to

a letter of warning.  (Id. at RIN00001.)

On August 11, 2003, USPS sent Reinbold a notice of fourteen-day suspension, stating that

he discarded deliverable mail and failed to follow instructions.  (Id. at RIN00011.)  The notice also

outlined Reinbold's past violations and warned that "future deficiencies will result in more severe

---

[1] For convenience, the court will refer to docket item numbers from the 05-47(GMS)
case.

2

disciplinary action . . . includ[ing] reduction in grade and/or pay, or removal from the Postal Service." (Id. at RIN00012.)  Again, Reinbold invoked the grievance process.  The NALC defendants represented him, and the representation resulted in a reduction of his suspension to seven days. (Id. at RIN00010.)

On November 6, 2003, Reinbold received his third notice of fourteen-day suspension for failure to follow instructions. (Id. at RIN00119.)  Specifically, Reinbold called in sick and was instructed to provide medical documentation to substantiate his absence. (Id.)  Reinbold returned to work without the medical documentation and was disciplined by his supervisor. (Id.)  There is no indication that Reinbold filed a grievance with respect to this action.

On July 21, 2004, the USPS sent Reinbold a notice of removal for failure to follow instructions. (Id. at RIN00129.)  The letter stated that Reinbold was being removed from his position because he ignored his supervisor's order to deliver mail, and simply "clocked out" for the day. (Id.)  The USPS determined that removal was the appropriate course of action, given Reinbold's prior disciplinary history. (Id. at RIN00130.)  Reinbold disagreed with the USPS and invoked the grievance process. The NALC defendants represented Reinbold in the first step of the process, as well as a subsequent appeal.  During the appeal process, the NALC defendants made several arguments on Reinbold's behalf including: (a) the SOP that the USPS contended Reinbold violated was revised shortly before the incident, and letter carriers were not given the time to read it; (b) the SOP that the USPS usually practices was not followed on the day of the incident; (c) Reinbold's supervisor yelled his instructions across the parking lot at a distance of over 30 feet, and received no response from Reinbold; (d) Reinbold's supervisor, upon receiving no response, should have spoken to him face to face; (e) the discipline is punitive rather than progressive, because

3

Reinbold had performed his duties for over six months without incident; and (f) the severity of the discipline is not reasonable because the supervisor is also culpable by his actions – he should have made sure that Reinbold understood his instructions. (RIN00125-26.) The NALC defendants' representation resulted in Reinbold's removal being reduced to a thirty day suspension, with accompanying loss of pay. (Id. at RIN00124.)

Finally, on October 27, 2004, Reinbold received his second, and final, notice of removal for failure to follow instructions. (Id. at RIN00146.) According to the notice, the USPS decided to remove Reinbold because he worked more overtime than he was authorized to work. (Id.) Reinbold also violated an SOP, which does not allow employees to sort mishandled or marked-up mail on overtime unless authorized. (Id.) Unhappy with the removal notice, Reinbold filed a grievance and was represented by the NALC defendants. The NALC defendants made arguments on Reinbold's behalf, requested the production of documents by the USPS management, and submitted multiple statements and documents, including a statement from Reinbold, to support his position throughout the grievance process. (Id. at RIN00153, 158, 162-67, 169-71, 187.)

At the conclusion of the first step of the grievance process, Reinbold appealed his removal to a Dispute Resolution Team (the "Team"). Again, the NALC defendants represented Reinbold and made arguments on his behalf. (See Id. at RIN00143.) The NALC defendants specifically argued that Reinbold's supervisors were singling him out because of the notice of removal and other disciplinary actions previously taken against him. (Id. at RIN00144.) After considering all the information with which they were provided, the Team resolved the issue, concluding that the USPS had just cause to remove Reinbold. (Id. at RIN00143.) To support their conclusion, the Team noted that Reinbold had been "given numerous chances and opportunities to improve his work ethic and

4

performance as indicated by his previous discipline record." (Id. at RIN00144.) The Team also noted that "[i]t is apparent that . . . Reinbold has no intention of improving his work performance or following the instructions of his Supervisor(s). The [r]emoval action is progressive and for just cause." (Id. at RIN00145.) As a result, the USPS removed Reinbold from his position, effective December 16, 2004. (Id. at RIN00142.)

## III.    DISCUSSION

In the present cases, Reinbold's complaints allege that the NALC defendants breached their duty of fair representation, and that the USPS breached the CBA. Federal labor law policy generally requires employees to exhaust any grievance procedure provided in the union's CBA before they can assert a breach of contract claim against their employer in federal court. *Sebrowski v. Pittsburgh Press Co.*, 188 F.3d 163, 168 (3d Cir. 1999). Usually, an employee is bound by the resolution reached under the CBA's grievance procedure. *Griesmann v. Chemical Leaman Tank Lines, Inc.*, 776 F.2d 66, 72-73 (3d Cir. 1985). However, an employee may bring a suit in federal court when he challenges the validity of the grievance procedure and alleges that his employer breached the CBA. *Id.* In order to prevail in this type of "hybrid suit," it is incumbent upon the employee to prove that the union breached its duty of fair representation and that his employer breached the CBA. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, at 163-64 (1983). Thus, Reinbold can only prevail in his breach of contract claim against the USPS if he can demonstrate that the NALC defendants breached their duty of fair representation. Accordingly, the court must determine whether the NALC defendants breached their duty of fair representation.

A union breaches its duty of fair representation, "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S.

5

171, 190 (1967) (citation omitted).  Additionally, a union has "broad discretion in its decision

whether and how to pursue an employee's grievance against an employer." *Chauffeurs, Teamsters*

*& Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567-68 (1990).  Thus, an employee is subject to

the union's discretionary power to settle, or even to abandon a grievance, so long as it does not act

arbitrarily.  *Bazarte v. United Transportation Union*, 429 F.2d 868, 872 (3d Cir. 1970).  A union's

actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's

actions, the union's behavior is so far outside a 'wide range of reasonableness,' to be irrational."

*Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*,

345 U.S. 330, 338 (1953)).  Further, proof of mere negligence or poor judgment on the part of the

union is not enough to support a claim of unfair representation.  *Findley v. Jones Motor Freight,*

*Division Allegheny Corp.*, 639 F.2d 953, 960-61 (3d Cir. 1981).  Finally, "bare assertions" of

arbitrary or bad faith conduct by the union cannot survive a motion for summary judgment.  *Weber*

*v. Potter*, 338 F. Supp. 2d 600, 607 (E.D. Pa. 2004) (citing *Masy v. New Jersey Transit Rail*

*Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986)).

　　　Here, the USPS contends that Reinbold has failed to demonstrate that the NALC defendants

breached their duty of fair representation, and that it is entitled to judgment as a matter of law.  The

court agrees.  Reinbold's complaints allege that the NALC defendants and the USPS "engaged in

unfair labor practices[,] . . . failed to represent [him] per the CBA[,]" and "did not act in good faith

in representing him." (D.I. 1 ¶ 4; 04-342 D.I. 1 at Ex. 2.)  However, Reinbold has failed to present

any evidence whatsoever in support of his allegations.[2]  That is, Reinbold makes only "bare

---

[2] Indeed, as previously stated, Reinbold has not even filed a response to the USPS'
motion.

assertions" in his complaints regarding the NALC defendants' bad faith and the USPS' unfair labor practices. As previously discussed, however, these assertions cannot withstand a motion for summary judgment.

Moreover, as previously outlined in Section II, the USPS has provided the court with documentation regarding disciplinary actions against Reinbold for his failure to follow instructions on five different occasions. The court has reviewed the documents and concludes that the NALC defendants did not abdicate their duty of representation. Rather, it seems as though they vigorously represented Reinbold with respect to those USPS decisions for which he decided to file a grievance, often through both the first step of the process and an appeal. Based on the evidence before it, the court concludes that the NALC defendants' actions were not arbitrary, discriminatory, or in bad faith. Therefore, because Reinbold has failed to meet this threshold showing, his claims against the USPS must fail as a matter of law.

**IV.    CONCLUSION**

For all of the aforementioned reasons, IT IS HEREBY ORDERED that:

1.    The USPS' Motion for Summary Judgment (D.I. 31) is GRANTED.

2.    Judgment is hereby entered in favor of the USPS.

3.    The USPS' Motion to Dismiss or in the Alternative to Compel Rule 26(a) Disclosures by the Plaintiff (D.I. 24) is DENIED as moot.

Dated: April 10, 2006                          /s/ Gregory M. Sleet
                                               UNITED STATES DISTRICT JUDGE

# Exhibit  E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil Action No. 04-342 (GMS)
                                      )      Civil Action No. 05-47  (GMS)
NALC LOCAL 1977, et al.               )
                                      )
            Defendants.               )

## <u>ORDER</u>

WHEREAS, on April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the

National Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC

defendants") in the Court of Common Pleas for the State of Delaware, New Castle County;

WHEREAS, the complaint alleges that, between May 2001 and April 2004, the NALC

defendants did not act in good faith in representing Reinbold under his collective bargaining

agreement (the "CBA") (D.I. 1)[1];

WHEREAS, the NALC defendants subsequently removed the lawsuit to this court on May

27, 2004;

WHEREAS, on January 28, 2005, Reinbold filed a similar action against the United States

Postal Service (the "USPS") and the NALC Branch 191, alleging that, between January 1, 2003 and

December 31, 2004, the defendants engaged in unfair labor practices against him and failed to

represent him per the CBA (05-47 D.I. 1);

---

[1] For convenience, the court will refer to docket item numbers from the 04-342 (GMS)
case, unless otherwise noted.

WHEREAS, on November 30, 2005, the USPS filed a motion for summary judgment (D.I. 25);

WHEREAS, on April 10, 2006, the court issued an Order (D.I. 29) finding that Reinbold had failed to demonstrate that the NALC defendants breached their duty of fair representation and granting the USPS' motion;

WHEREAS, on April 10, 2006, the court also issued an Order (D.I. 28) granting the NALC defendants' request to extend their time to file a motion for summary judgment;

WHEREAS, on April 21, 2006, the NALC defendants filed a motion for summary judgment (D.I. 30);

WHEREAS, the motion asserts that summary judgment is appropriate because the law of the case doctrine bars relitigation of the court's holding that the NALC defendants did not breach their duty of fair representation;

WHEREAS, Reinbold has not filed a response to the NALC defendants' motion[2];

WHEREAS, after having considered the NALC defendants' motion, as well as the pertinent case law, the court concludes that the law of the case doctrine bars Reinbold from relitigating the court's finding that the NALC defendants did not breach their duty of fair representation[3]; and

---

[2] Pursuant to District of Delaware Local Rule 7.1.2(a) (1995), an answer brief to the NALC defendants' motion was due on May 5, 2006. The court notes that while Reinbold did not file any response to the NALC defendants' motion, he did file a motion for reconsideration of the court's April 10, 2006 Order (05-47 D.I. 39) and a motion to appoint counsel (D.I. 32).

[3] The doctrine of the law of the case limits relitigation of an issue once it has been decided in an earlier stage of the litigation. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232-33 (3d Cir. 2002) ("The [Supreme] Court has defined the law of the case as a precept that 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'")

2

WHEREAS, the court further concludes that because the NALC defendants did not breach their duty, there is no genuine issue of material fact as to Reinbold's claims, and the NALC defendants are entitled to judgment as a matter of law;

IT IS HEREBY ORDERED that:

1.    The NALC defendants' Motion for Summary Judgment (D.I. 30) is GRANTED.

2.    Judgment is hereby entered in favor of the NALC defendants.

Dated: May _12_ , 2006

UNITED STATES DISTRICT JUDGE

3