

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

--------------------------------------------------------------X
                        :

BRIAN K. REINBOLD,                  :

                        :

                Plaintiff,     :      Civil Action No. 06-571 (GMS)

                        :

      - against -            :

                        :

                        :

UNITED STATES POST OFFICE and    :
NALC LOCAL 191,             :

                        :

              Defendants.    :

                        :
--------------------------------------------------------------X

### MEMORANDUM OF LAW OF DEFENDANT NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 191 IN SUPPORT OF <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Defendant National Association of Letter Carriers Branch 191 ("Branch 191" or the "Branch") submits this memorandum of law in support of its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

### <u>BACKGROUND</u>

This is the second case filed in this Court by Plaintiff Brian K. Reinbold against the same defendants, based on the same claims. On April 10, 2006, this Court dismissed Reinbold's nearly identical action for failure to state a claim. This new action, alleging the same breach of duty of fair representation ("DFR") claim against Branch 191 that was dismissed in April 2006, is barred by the doctrine of *res judicata* and should be dismissed.

**A.     The Prior Action**

On April 18, 2004, Reinbold filed a *pro se* lawsuit against National Association of Letter Carriers Branches 191 and 1977 (the "NALC Defendants") in the Court of Common Pleas for the State of Delaware, New Castle County. The five-paragraph complaint alleged that "[b]etween May of 2001 to April of 2004" the NALC Defendants "did not act in good faith in

representing" Plaintiff pursuant to the collective bargaining agreement  between the National

Association of Letter Carriers ("NALC") and the United States Postal Service ("USPS").

Complaint filed April 18, 2004, Case No. 04-603.  On May 27, 2004, the NALC Defendants

removed the lawsuit to this Court.  Plaintiff failed to serve the complaint on Branch 191 and the

Court dismissed it as against Branch 191 on January 27, 2005.

       On January 28, 2005, Plaintiff filed a new action, in this Court, against USPS and

Branch 191, alleging, in a five-paragraph complaint, that "[b]etween January 1, 2003 and

December 31, 2004," defendants "engaged in unfair labor practices against him and failed to

represent [him] per the CBA."  Complaint filed January 28, 2005, Case No. 05-047.  This Court

consolidated the two cases for purposes of discovery (hereinafter, "*Reinbold I*").  A copy of the

January 28, 2005 complaint is attached hereto as Exhibit A.

       On November 30, 2005, the Postal Service filed a motion for summary judgment,

which Plaintiff failed to oppose.  In its motion, the Postal Service demonstrated that the NALC

Defendants did not breach their DFR.  *See* Opening Brief of United States Postal Service In

Support of Its Motion for Summary Judgment, filed November 30, 2005, pp. 6-7 [Case No. 05-

047; Docket No. 31].   On April 10, 2006, this Court granted the Postal Service's motion for

summary judgment (the "April 10, 2006 Order").  The April 10, 2006 Order is attached here to

as Exhibit B.

       In the April 10, 2006 Order, this Court construed Reinbold's claims against the

NALC Defendants (including Branch 191) as claims that the NALC Defendants breached their

DFR, *see* Ex. B at 5-7 ("Reinbold's complaints allege that the NALC defendants breached their

duty of fair representation"), and determined that the NALC Defendants had not breached their

DFR.  *Id*. at 7.  In finding no breach of the DFR, this Court determined based on the undisputed

facts that the NALC Defendants had "vigorously represented" Plaintiff and had not acted

"arbitrar[ily], discriminator[ily], or in bad faith."  *Id*.  The April 10, 2006 Order detailed the

NALC Defendants' efforts made on behalf of Plaintiff and held unequivocally that "the NALC Defendants did not abdicate their duty of representation." *Id*.

Thereafter, on May 12, 2006 this Court granted the NALC Defendants' motion for summary judgment and dismissed the action against Branches 191 and 1977. A copy of this Court's May 12, 2006 Order is attached hereto as Exhibit C.

### B.    The Instant Action

In August 2006, Plaintiff filed yet another complaint in the Court of Common Pleas for the State of Delaware, New Castle County against Branch 191, alleging again that Branch 191 breached its DFR. The complaint asserts that "[o]n or about January 1, 2003 through January 31, 2005, the defendants . . . acted in bad faith, representative in bad faith against plaintiff." Complaint filed August 2006, Case No. 06-241 ("*Reinbold II*"). A copy of the August 2006 Complaint is attached hereto as Exhibit D. No other claims are asserted in the Complaint. On September 13, 2006 Branch 191 removed the action to this Court.

### ARGUMENT

Dismissal pursuant to Fed. R. Civ. P. 12(c) is appropriate if "the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law," even assuming all facts alleged in the complaint are true and all inferences are drawn in plaintiff's favor. *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004) (affirming district court's dismissal pursuant to Rule 12(c)).

*Res judicata*, or claim preclusion, "refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *In Re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). "Rather than resting upon the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims . . . . " *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 549 (3d Cir.

2006) (citation omitted).  *Res judicata* applies not just to claims identical to those in the earlier suit but also to any claims that "were or *could have been* raised" in the earlier suit.  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 172 (3d Cir. 2004) (upholding the decision of the lower court's dismissal of the claim, finding that the plaintiff could have raised the claim in an earlier lawsuit, but did not); *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990) (same).  A central purpose of the claim preclusion doctrine is to require a plaintiff to present all claims arising out of the same occurrence in a single suit.  *Board of Tr. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d. Cir. 1992).

Claim preclusion bars litigation of a claim in a subsequent action if:  (1) the prior action resulted in a final judgment on the merits; (2) the litigants in the prior and subsequent matters were the same; and (3) the subsequent suit is based on the same cause of action which resulted in a final judgment.  *See Loving v. Pirelli Cab Corp.*, 11 F. Supp. 2d. 480, 490 (D.Del. 1998) (*citing Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

Plaintiff's claim against the Branch in *Reinbold II* is clearly barred by the doctrine of claim preclusion.  First, there is no question that *Reinbold I* resulted in a final judgment on the merits, as this Court dismissed Plaintiff's claims against both the Branch and the Postal Service.  *See* Exhibit B.  Second, the litigants in *Reinbold I* and *Reinbold II* are the same; Plaintiff sued both Branch 191 and the Postal Service in both actions.  *Compare* Exhibit A with Exhibit D (complaints filed in *Reinbold I* and *II*).

Finally, *Reinbold II* is based on the same cause of action which was dismissed in *Reinbold I*.  As detailed above, both *Reinbold I* and *Reinbold II* claim that Branch 191 failed to represent him properly.  *Compare* Exhibit A (alleging defendants "engaged in unfair labor practices against him and failed to represent [him] per the CBA") *with* Exhibit D (alleging that "defendants . . . acted in bad faith, representative in bad faith against plaintiff").  The only

difference in the two complaints is a slight difference in the time frame referenced: *Reinbold I* alleges that the DFR breach took place between January 1, 2003 and December 31, 2004, while *Reinbold II* alleges a one-month longer time frame:  January 1, 2003 through January 31, 2005. However, this slight difference in the allegations is of no moment.  First, it is well settled that *res judicata* prevents a second lawsuit where the claim "could have" been brought in an earlier action.  *See Selkridge*, 360 F.3d at 172.  Since Plaintiff filed *Reinbold I* at the end of January 2005, he could have included January 2005 in his claim in his first suit.  Second, Plaintiff's complaint gives absolutely no indication that anything occurred in January 2005 that would have made his claim in *Reinbold II* any different from his claim in *Reinbold I*.  Accordingly, *Reinbold II* is barred by *res judicata*.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint should be dismissed.

Dated: December 15, 2006

Respectfully submitted,

Peter D. DeChiara
Oriana Vigliotti
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036
(212) 563-4100

_/s/ Susan E. Kaufman_
Susan E. Kaufman (DSB # 3381)
HEIMAN, GOUGE & KAUFMAN LLP
800 King Street, Suite 303
Wilmington, DE 19899
(302) 658-1800

Attorneys for NALC Branch 191

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                                                 :
Brian K. Reinbold,                                               :
                                                                 :
                                 Plaintiff,                      :       Civil Action No. 06-571 (GMS)
                                                                 :
                - against -                                      :
                                                                 :
UNITED STATES POST OFFICE and                                    :
NALC Local 191,                                                  :
                                                                 :
                                 Defendant.                      :
                                                                 :
-----------------------------------------------------------------x
```

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2006, the foregoing Motion for Judgment on the Pleadings of Defendant National Association of Letter Carriers Branch 191 and the Memorandum of Law in Support of their Motion were filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Patricia Hannigan, Assistant United States Attorney, 700 Orange Street, Suite 700, Wilmington, Delaware 19899, Counsel for Defendant United States Postal Service.

I hereby certify that on December 15, 2006, two copies of the foregoing were mailed by first-class mail to the following non-participant in Electronic Case Filing: Plaintiff Brian K. Reinbold, 3909 Delaware Street, Apt. #B, Wilmington, Delaware 19808.

/s/ Susan E. Kaufman, Esq.
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899-1674
(302) 658-1800

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**IN THE MATTER OF :**

BRIAN K REINBOLD
Plaintiff

- against-

UNITED STATES POSTAL SERVICE
aka. USPS.
&
NALC LOCAL 191
Defendants

05    47

**PLAINTIFF DEMANDS TRIAL BY JURY**

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 JAN 28 PM 4: 12

## COMPLAINT

1. At all times hereinafter mentioned, plaintiff was and still is a resident of Delaware

2. Defendant, USPS, is a U.S. Government agency
Defendant, NALC Local 191 is a resident of Delaware

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C 1441(b) 39 U.S.C 1203(a), 1209(b)

4. Between January 1, 2003 and December 31, 2004 the Defendants engaged in unfair labor practices against Plaintiff and failed to represent Plaintiff per the Collective Bargaining Agreement causing financial harm and job advancement and promotion and termination

5. WHEREFORE, plaintiff demands:

Money damages of all back pay and a return to former position in company.

Permanent injunction against the defendants from performing acts in future.

Any further relief which the court may deem appropriate.

Brian K Reinbold
PO Box 2565
Wilmington, DE 19805

DATE: 01/28/05

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,               )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      Civil Action No. 04-342 (GMS)
                                 )      Civil Action No. 05-47  (GMS)
NALC LOCAL 1977, et al.          )
                                 )
            Defendants.          )

**ORDER**

## I.    INTRODUCTION

On April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the National

Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC

defendants") in the Court of Common Pleas for the State of Delaware, New Castle County. The

complaint alleges that, between May 2001 and April 2004, the NALC defendants did not act in good

faith in representing Reinbold under his collective bargaining agreement (the "CBA"). The NALC

defendants subsequently removed the lawsuit to this court on May 27, 2004. On January 28, 2005,

Reinbold filed a similar action against the United States Postal Service (the "USPS") and the NALC

Branch 191, alleging that, between January 1, 2003 and December 31, 2004, the defendants engaged

in unfair labor practices against him and failed to represent him per the CBA. Presently before the

court is the USPS' motion for summary judgment. For the reasons that follow, the court will grant

the motion.

## II.    BACKGROUND

Reinbold's complaint does not provide any information other than his unfair labor, bad faith

representation, and breach of the CBA claims. Additionally, Reinbold has not filed a response to

4/10/06
# 29/36

the USPS' motion. Therefore, the court will adopt the statement of facts set forth by the USPS in its memorandum in support of its motion, and provided by the exhibits to the memorandum. In 2003 and 2004, Reinbold was employed by the USPS as a "part-time flexible" letter carrier and assigned to the Lancaster Avenue Station of the Wilmington Post Office. (See D.I. 32, at 2.)[1] He filed the present actions after the USPS removed him from his position, due to his history of on-the-job disciplinary problems, which the court details below.

On July 7, 2003, Reinbold received a fourteen-day suspension for failure to follow instructions, when he refused to provide evidence of an alleged court appearance, which kept him out of work on June 27, 2003. (Id. Ex. 1 at RIN00003.) The suspension notice also warned that "future deficiencies will result in more severe disciplinary action." (Id. at RIN00004.) According to the suspension notice, Reinbold had failed to follow instructions and Standard Operating Procedures ("SOP") in the past, on January 4, 2003, and April 4, 2003, and was receiving the suspension because prior letters of warning had not impressed upon him the seriousness of his actions. (Id. at RIN00003-4.) In response to the suspension, Reinbold initiated the formal grievance process. The NALC defendants represented Reinbold during the first step of the process, on November 20, 2003, and were able to get his infraction reduced from a fourteen day suspension to a letter of warning. (Id. at RIN00001.)

On August 11, 2003, USPS sent Reinbold a notice of fourteen-day suspension, stating that he discarded deliverable mail and failed to follow instructions. (Id. at RIN00011.) The notice also outlined Reinbold's past violations and warned that "future deficiencies will result in more severe

---

[1] For convenience, the court will refer to docket item numbers from the 05-47(GMS) case.

2

disciplinary action . . . includ[ing] reduction in grade and/or pay, or removal from the Postal Service." (Id. at RIN00012.) Again, Reinbold invoked the grievance process. The NALC defendants represented him, and the representation resulted in a reduction of his suspension to seven days. (Id. at RIN00010.)

On November 6, 2003, Reinbold received his third notice of fourteen-day suspension for failure to follow instructions. (Id. at RIN00119.) Specifically, Reinbold called in sick and was instructed to provide medical documentation to substantiate his absence. (Id.) Reinbold returned to work without the medical documentation and was disciplined by his supervisor. (Id.) There is no indication that Reinbold filed a grievance with respect to this action.

On July 21, 2004, the USPS sent Reinbold a notice of removal for failure to follow instructions. (Id. at RIN00129.) The letter stated that Reinbold was being removed from his position because he ignored his supervisor's order to deliver mail, and simply "clocked out" for the day. (Id.) The USPS determined that removal was the appropriate course of action, given Reinbold's prior disciplinary history. (Id. at RIN00130.) Reinbold disagreed with the USPS and invoked the grievance process. The NALC defendants represented Reinbold in the first step of the process, as well as a subsequent appeal. During the appeal process, the NALC defendants made several arguments on Reinbold's behalf including: (a) the SOP that the USPS contended Reinbold violated was revised shortly before the incident, and letter carriers were not given the time to read it; (b) the SOP that the USPS usually practices was not followed on the day of the incident; (c) Reinbold's supervisor yelled his instructions across the parking lot at a distance of over 30 feet, and received no response from Reinbold; (d) Reinbold's supervisor, upon receiving no response, should have spoken to him face to face; (e) the discipline is punitive rather than progressive, because

3

Reinbold had performed his duties for over six months without incident; and (f) the severity of the discipline is not reasonable because the supervisor is also culpable by his actions – he should have made sure that Reinbold understood his instructions. (RIN00125-26.) The NALC defendants' representation resulted in Reinbold's removal being reduced to a thirty day suspension, with accompanying loss of pay. (Id. at RIN00124.)

Finally, on October 27, 2004, Reinbold received his second, and final, notice of removal for failure to follow instructions. (Id. at RIN00146.) According to the notice, the USPS decided to remove Reinbold because he worked more overtime than he was authorized to work. (Id.) Reinbold also violated an SOP, which does not allow employees to sort mishandled or marked-up mail on overtime unless authorized. (Id.) Unhappy with the removal notice, Reinbold filed a grievance and was represented by the NALC defendants. The NALC defendants made arguments on Reinbold's behalf, requested the production of documents by the USPS management, and submitted multiple statements and documents, including a statement from Reinbold, to support his position throughout the grievance process. (Id. at RIN00153, 158, 162-67, 169-71, 187.)

At the conclusion of the first step of the grievance process, Reinbold appealed his removal to a Dispute Resolution Team (the "Team"). Again, the NALC defendants represented Reinbold and made arguments on his behalf. (See Id. at RIN00143.) The NALC defendants specifically argued that Reinbold's supervisors were singling him out because of the notice of removal and other disciplinary actions previously taken against him. (Id. at RIN00144.) After considering all the information with which they were provided, the Team resolved the issue, concluding that the USPS had just cause to remove Reinbold. (Id. at RIN00143.) To support their conclusion, the Team noted that Reinbold had been "given numerous chances and opportunities to improve his work ethic and

4

performance as indicated by his previous discipline record." (Id. at RIN00144.) The Team also noted that "[i]t is apparent that . . . Reinbold has no intention of improving his work performance or following the instructions of his Supervisor(s). The [r]emoval action is progressive and for just cause." (Id. at RIN00145.) As a result, the USPS removed Reinbold from his position, effective December 16, 2004. (Id. at RIN00142.)

## III.    DISCUSSION

In the present cases, Reinbold's complaints allege that the NALC defendants breached their duty of fair representation, and that the USPS breached the CBA. Federal labor law policy generally requires employees to exhaust any grievance procedure provided in the union's CBA before they can assert a breach of contract claim against their employer in federal court. *Sebrowski v. Pittsburgh Press Co.*, 188 F.3d 163, 168 (3d Cir. 1999). Usually, an employee is bound by the resolution reached under the CBA's grievance procedure. *Griesmann v. Chemical Leaman Tank Lines, Inc.*, 776 F.2d 66, 72-73 (3d Cir. 1985). However, an employee may bring a suit in federal court when he challenges the validity of the grievance procedure and alleges that his employer breached the CBA. *Id.* In order to prevail in this type of "hybrid suit," it is incumbent upon the employee to prove that the union breached its duty of fair representation and that his employer breached the CBA. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, at 163-64 (1983). Thus, Reinbold can only prevail in his breach of contract claim against the USPS if he can demonstrate that the NALC defendants breached their duty of fair representation. Accordingly, the court must determine whether the NALC defendants breached their duty of fair representation.

A union breaches its duty of fair representation, "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S.

5

171, 190 (1967) (citation omitted). Additionally, a union has "broad discretion in its decision whether and how to pursue an employee's grievance against an employer." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567-68 (1990). Thus, an employee is subject to the union's discretionary power to settle, or even to abandon a grievance, so long as it does not act arbitrarily. *Bazarte v. United Transportation Union*, 429 F.2d 868, 872 (3d Cir. 1970). A union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). Further, proof of mere negligence or poor judgment on the part of the union is not enough to support a claim of unfair representation. *Findley v. Jones Motor Freight, Division Allegheny Corp.*, 639 F.2d 953, 960-61 (3d Cir. 1981). Finally, "bare assertions" of arbitrary or bad faith conduct by the union cannot survive a motion for summary judgment. *Weber v. Potter*, 338 F. Supp. 2d 600, 607 (E.D. Pa. 2004) (citing *Masy v. New Jersey Transit Rail Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986)).

Here, the USPS contends that Reinbold has failed to demonstrate that the NALC defendants breached their duty of fair representation, and that it is entitled to judgment as a matter of law. The court agrees. Reinbold's complaints allege that the NALC defendants and the USPS "engaged in unfair labor practices[,] . . . failed to represent [him] per the CBA[,]" and "did not act in good faith in representing him." (D.I. 1 ¶ 4; 04-342 D.I. 1 at Ex. 2.) However, Reinbold has failed to present any evidence whatsoever in support of his allegations.[2] That is, Reinbold makes only "bare

---

[2] Indeed, as previously stated, Reinbold has not even filed a response to the USPS' motion.

6

assertions" in his complaints regarding the NALC defendants' bad faith and the USPS' unfair labor practices. As previously discussed, however, these assertions cannot withstand a motion for summary judgment.

Moreover, as previously outlined in Section II, the USPS has provided the court with documentation regarding disciplinary actions against Reinbold for his failure to follow instructions on five different occasions. The court has reviewed the documents and concludes that the NALC defendants did not abdicate their duty of representation. Rather, it seems as though they vigorously represented Reinbold with respect to those USPS decisions for which he decided to file a grievance, often through both the first step of the process and an appeal. Based on the evidence before it, the court concludes that the NALC defendants' actions were not arbitrary, discriminatory, or in bad faith. Therefore, because Reinbold has failed to meet this threshold showing, his claims against the USPS must fail as a matter of law.

## IV. CONCLUSION

For all of the aforementioned reasons, IT IS HEREBY ORDERED that:

1. The USPS' Motion for Summary Judgment (D.I. 31) is GRANTED.

2. Judgment is hereby entered in favor of the USPS.

3. The USPS' Motion to Dismiss or in the Alternative to Compel Rule 26(a) Disclosures by the Plaintiff (D.I. 24) is DENIED as moot.

Dated: April 10, 2006                    /s/ Gregory M. Sleet
                                         UNITED STATES DISTRICT JUDGE

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        Civil Action No. 04-342 (GMS)
                                      )        Civil Action No. 05-47   (GMS)
NALC LOCAL 1977, et al.               )
                                      )
            Defendants.               )

## ORDER

WHEREAS, on April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the

National Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC

defendants") in the Court of Common Pleas for the State of Delaware, New Castle County;

WHEREAS, the complaint alleges that, between May 2001 and April 2004, the NALC

defendants did not act in good faith in representing Reinbold under his collective bargaining

agreement (the "CBA") (D.I. 1)[1];

WHEREAS, the NALC defendants subsequently removed the lawsuit to this court on May

27, 2004;

WHEREAS, on January 28, 2005, Reinbold filed a similar action against the United States

Postal Service (the "USPS") and the NALC Branch 191, alleging that, between January 1, 2003 and

December 31, 2004, the defendants engaged in unfair labor practices against him and failed to

represent him per the CBA (05-47 D.I. 1);

---

[1] For convenience, the court will refer to docket item numbers from the 04-342 (GMS)
case, unless otherwise noted.



WHEREAS, on November 30, 2005, the USPS filed a motion for summary judgment (D.I. 25);

WHEREAS, on April 10, 2006, the court issued an Order (D.I. 29) finding that Reinbold had failed to demonstrate that the NALC defendants breached their duty of fair representation and granting the USPS' motion;

WHEREAS, on April 10, 2006, the court also issued an Order (D.I. 28) granting the NALC defendants' request to extend their time to file a motion for summary judgment;

WHEREAS, on April 21, 2006, the NALC defendants filed a motion for summary judgment (D.I. 30);

WHEREAS, the motion asserts that summary judgment is appropriate because the law of the case doctrine bars relitigation of the court's holding that the NALC defendants did not breach their duty of fair representation;

WHEREAS, Reinbold has not filed a response to the NALC defendants' motion[2];

WHEREAS, after having considered the NALC defendants' motion, as well as the pertinent case law, the court concludes that the law of the case doctrine bars Reinbold from relitigating the court's finding that the NALC defendants did not breach their duty of fair representation[3]; and

_____

[2] Pursuant to District of Delaware Local Rule 7.1.2(a) (1995), an answer brief to the NALC defendants' motion was due on May 5, 2006. The court notes that while Reinbold did not file any response to the NALC defendants' motion, he did file a motion for reconsideration of the court's April 10, 2006 Order (05-47 D.I. 39) and a motion to appoint counsel (D.I. 32).

[3] The doctrine of the law of the case limits relitigation of an issue once it has been decided in an earlier stage of the litigation. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232-33 (3d Cir. 2002) ("The [Supreme] Court has defined the law of the case as a precept that 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'")

WHEREAS, the court further concludes that because the NALC defendants did not breach their duty, there is no genuine issue of material fact as to Reinbold's claims, and the NALC defendants are entitled to judgment as a matter of law;

IT IS HEREBY ORDERED that:

1.      The NALC defendants' Motion for Summary Judgment (D.I. 30) is GRANTED.

2.      Judgment is hereby entered in favor of the NALC defendants.


Dated: May _12_ , 2006

UNITED STATES DISTRICT JUDGE

3

# Exhibit D

## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

BRIAN K REINBOLD

    Plaintiff

    v.

UNITED STATES POST OFFICE
WILMINGTON, DE INSTALLATIONS
&
NALC  LOCAL 191

    Defendants

2006 – 08 – 241

Civil Action No.
~~JURY TRIAL~~

### COMPLAINT

1. Plaintiff is a citizen of the State of Delaware

2. Defendants are citizens of the State of Delaware residing at(please see attached)

3. On or about January 1, 2003 trough January 31, 2005 the defendants wrongfully terminated employment, acted in bad faith, harassed, representative in bad faith against plaintiff

4. Plaintiff, therefore asks the Court to award the Plaintiff all back pay, reinstate full seniority, medical benefits, promotion status, sick leave, vacation time and employment benefits.

BRIAN K REINBOLD
3909 DELAWARE STREET
MARSHALLTON, DE 19808-5709
(302)753-4827