IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN K. REINBOLD,

        Plaintiff,

   v.                                      Civil Action. No. 06-571-GMS

UNITED STATES POSTAL SERVICE,
and NALC LOCAL 191,

        Defendants.

## UNITED STATES'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Colm F. Connolly
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
Nemours Building, Suite 700
1007 Orange Street
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated: December 19, 2006

## TABLE OF CONTENTS

**Page**

ARGUMENT .................................................................... 1

CONCLUSION ................................................................. 2

## TABLE OF AUTHORITIES

**Page**

*Bradley v. Pittsburgh Bd. Of Education,*
  913 F.2d 1064 (3rd Cir. 1990) .................................................. 1

*Langston v. Insurance Company of North America,*
  827 F. 2d 1044 (5th Cir. 1987) .................................................. 1

## **ARGUMENT**

**Nothing in Plaintiff Reinbold's "Answer to Defendants Motion to Dismiss" Changes The Fact That His Claims are Barred by the Doctrine of *Res Judicata*.**

Plaintiff's Answer to Defendants Motion to Dismiss for Failure to State a Claim upon which Relief Can be Granted (D.I. 15) ("Answer Brief"), was received in the Office of the United States Attorney on December 12, 2006, by United States mail.

Plaintiff argues, on page 2 of his Answer Brief, that the two cases he has filed, 05-47-GMS) ("Reinbold I") and 06-571-GMS (the instant case, "Reinbold II") are "Totally two different cases." However, the several "differences" he recites are truly distinctions without a real difference. Each of the theories he posits as "new" in the instant case could have been raised in Reinbold I. As pointed out in the Government's Opening Brief in support of the instant motion, these theories are barred by the doctrine of *res judicata*. See, e.g., *Bradley v. Pittsburgh Bd. Of Education*, 913 F.2d 1064, 1070 (3rd Cir. 1990), *Langston v. Insurance Company of North America*, 827 F. 2d 1044, 1046 (5th Cir. 1987).

Plaintiff does raise one interesting possibility, namely that it is possible that in the additional month he includes in the time period covered by this case, the National Association of Letter Carriers ("Union") could have engaged in additional illegal activities beyond those which were brought before the court in the Complaint in Reinbold I. However, he alleges no *facts* supporting any such argument. Moreover, while expressing no opinion about the activities of the Union during that extra month, the Government points out that Plaintiff had already been terminated by the time that month began. Thus, no allegation of additional illegal activity resulting in his wrongful termination could be made against the United States during that period.

1

In short, nothing in Plaintiff's Answer Brief amounts to a compelling argument against the Government's position that the claims in this case, Reinbold II, are barred by the doctrine of *res judicata*.

## CONCLUSION

For the reasons cited herein, the United States asks the Court to enter an Order dismissing Plaintiff's claims with prejudice.

ReinboldII

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

By: _____
                                        Patricia C. Hannigan
                                        Assistant United States Attorney
                                        Delaware Bar I.D. No. 2145
                                        Nemours Building, Suite 700
                                        1007 Orange Street
                                        P.O. Box 2046
                                        Wilmington, DE 19899-2046
                                        (302) 573-6277
                                        Patricia.Hannigan@usdoj.gov

Dated: December 19, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN K. REINBOLD, | : |
| Plaintiff, | : |
| v. | : Civil Action. No. 06-571-GMS |
| UNITED STATES POSTAL SERVICE, and NALC LOCAL 191, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Marie Steel, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that o hereby attest under penalty of perjury that on the 19th day of December, 2006, I electronically filed a with the Clerk of Court **UNITED STATES'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** using CM/ECF. Said document is available for viewing and downloading from CM/ECF, which will send notification of such filing(s) to the following:

Oriana Vigliotti
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036

Susan E. Kaufman (DSB# 3381)
HEIMAN, GOUGE & KAUFMAN LLP
800 King Street, Suite 303
Wilmington, DE 19899

Brian K. Reinbold, pro se
P.O. Box 2565
Wilmington, DE 19805

_____
Marie Steel
Legal Assistant