IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN K. REINBOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-571 (GMS) |
| | ) | |
| UNITED STATES POSTAL SERVICE and NALC LOCAL 191, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

1. On April 28, 2004, Brian K. Reinbold ("Reinbold") initiated a lawsuit against the National Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC defendants") in the Court of Common Pleas for the State of Delaware, New Castle County. The complaint filed in the action alleged that, between May 2001 and April 2004, the NALC defendants did not act in good faith in representing Reinbold under his collective bargaining agreement (the "CBA"). The NALC defendants subsequently removed the lawsuit to this court on May 27, 2004.

2. On January 28, 2005, Reinbold initiated a similar action against the United States Postal Service (the "USPS") and NALC Branch 191. This complaint alleged that, between January 1, 2003 and December 31, 2004, the defendants engaged in unfair labor practices against Reinbold and failed to represent him per the CBA.

3. On November 30, 2005, the USPS filed a motion for summary judgment (C.A. No. 05-47, D.I. 31) in Reinbold's action against it. On April 10, 2006, the court issued an Order (C.A. No. 04-342, D.I. 29) granting the USPS' motion and finding that Reinbold had failed to

demonstrate that the NALC defendants breached their duty of fair representation.[1] On April 21, 2006, the NALC defendants filed a motion for summary judgment (C.A. No. 04-342, D.I. 30; C.A. No. 05-47, D.I. 37). On May 12, 2006, the court issued an Order (C.A. 04-342, D.I. 39) granting the motion, based on its previous finding that Reinbold had failed to demonstrate that the NALC defendants breached their duty of fair representation.

4. In August, 2006, Reinbold filed a lawsuit against the USPS and NALC Branch 191 in the Court of Common Pleas for the State of Delaware, New Castle County. The complaint alleges that "[o]n or about January 1, 2003 through January 31, 2005, the defendants wrongfully terminated [Reinbold's] employment, acted in bad faith, harassed, represent[ed him] in bad faith." (D.I. 13 Ex. B.) On September 13, 2006, NALC Branch 191 removed the action to this court.

5. On November 20, 2006, the USPS filed a Motion to Dismiss for Failure to State a Claim (D.I. 12), pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 15, 2006, NALC Branch 191 filed a Motion for Judgment on the Pleadings (D.I. 16), pursuant to Federal Rule of Civil Procedure 12(c).

6. Pursuant to the motion of a party, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making this determination, the court must accept as true all allegations in the complaint, and must draw all reasonable inferences in the light most favorable to the plaintiff. *Trump Hotels & Casino Resorts, Inc.*

---

[1] The court made findings with respect to the NALC defendants in deciding the USPS' motion, because Reinbold could prevail on his claim against the USPS only if he could demonstrate that the NALC defendants breached their duty of fair representation. *See DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, at 163-64 (1983).

*v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The defendant must show "beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Likewise, in deciding a motion for judgment on the pleadings, the court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party and grant judgment in favor of the moving party only when it has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law. *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002).

7. In both motions, the defendants contend that Reinbold's claims are barred by the doctrine of res judicata. Conversely, Reinbold asserts that his new case is different from the two cases that this court has previously dismissed.

8. The doctrine of res judicata refers to "the binding effect of a judgment in a prior case on the claims or issues in pending litigation." 18 James Wm. Moore et al., Moore's Federal Practice § 131.10[1] [a]. In other words, the purpose of res judicata is to avoid piecemeal litigation of claims arising from the same events. *See Bd. of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). The Third Circuit requires the party asserting the doctrine of res judicata to demonstrate that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). The court will address each requirement in turn.

9.  The first requirement is a final judgment on the merits. In the Third Circuit, summary judgment constitutes a final judgment on the merits. *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 898 n.6 (3d Cir. 1987). Here, as already mentioned, the court entered summary judgment in favor of the USPS and NALC Branch 191 in two lawsuits that Reinbold had previously filed against them. Accordingly, there has been a final judgment on the merits in a prior suit.

10. Next, the court must determine whether the prior suit involved the same parties. Here, Reinbold filed his prior lawsuits against NALC Branches 191 and 1977, the 04-342 lawsuit, and the USPS and NALC Branch 191, the 05-47 lawsuit. Thus, the second res judicata factor is satisfied.

11. Finally, the court must determine whether the present lawsuit is based on the same causes of action as the prior suit. Res judicata applies to more than claims identical to those asserted in the prior suit – it applies to any claims that "were or could have been raised" in the prior suit. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Put differently, res judicata requires "that a plaintiff present in one suit all of the claims for relief that he may have arising out of the same transaction or occurrence." *Lubrizol Corp. v. Exxon corp.*, 929 F.2d 960, 963 (3d Cir. 1991). In the present lawsuit, the complaint states that, between January 1, 2003 and January 31, 2005, the defendants "wrongfully terminated [Reinbold's] employment, acted in bad faith, harassed, and represented [him] in bad faith." (D.I. 13 Ex. B.) In his previous lawsuits, Reinbold claimed that the USPS and NALC Branch 191 "engaged in unfair labor practices against [him] and failed to represent [him] per the Collective Bargaining Agreement [between January 1, 2003 and December 31, 2004] causing

financial harm and . . . termination." (Id. Ex. A.) Based on the foregoing, the court concludes that both Reinbold's prior lawsuits and his instant claims regarding wrongful termination, bad faith, and harassment arise from the his termination from the USPS and subsequent grievance process through NALC. Thus, insofar as Reinbold seeks to assert new claims in the present lawsuit, the court finds that such claims arise from the same transaction and are based on the same cause of action. Accordingly, the defendants have demonstrated that the doctrine of res judicata applies to preclude Reinbold's claims in the present lawsuit, there are no material issues of fact for the court to resolve, and the defendants are entitled to judgment in their favor.

Therefore, IT IS HEREBY ORDERED that:

1. The USPS' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (D.I. 12) is GRANTED.

2. The NALC Branch 191's Motion for Judgment on the Pleadings (D.I. 16) is GRANTED.

3. Judgment is hereby entered in favor of the USPS and NALC Branch 191.

4. The plaintiff's Motion to Appoint Counsel (D.I. 4) is DENIED as moot.

5. The plaintiff's Motion for Summary Judgment (D.I. 10) is DENIED as moot.

Dated: April 13, 2007

UNITED STATES DISTRICT JUDGE



FILED
APR 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE