CLD-368

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2444

_____

BRIAN K. REINBOLD,
Appellant

v.

UNITED STATES POST OFFICE, Wilmington,
DE Installations; NALC LOCAL 191

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00571)
District Judge: Honorable Gregory M. Sleet

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

**JUDGMENT**

_____

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible summary action under Third

Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District

Court entered April 13, 2007 be and the same is hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: October 11, 2007

Certified as a true copy and issued in lieu
of a formal mandate on 12/3/07

*Marcia M. Waldron*

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

CLD-368                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2444
_____

BRIAN K. REINBOLD,
Appellant

v.

UNITED STATES POST OFFICE, Wilmington,
DE Installations; NALC LOCAL 191
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00571)
District Judge: Honorable Gregory M. Sleet
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:   RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

(Filed: October 11, 2007)

_____

OPINION
_____

PER CURIAM

     Brian K. Reinbold appeals from an order of the United States District Court for the

District of Delaware granting, on <u>res judicata</u> grounds, the defendants' motions to

dismiss.[1]  Because we conclude the appeal presents no substantial question, see I.O.P.

10.6, we will grant the appellees' motions to summarily affirm the District Court's

judgment.

In April 2004, Reinbold filed a pro se action against National Association of Letter

Carriers Branches 191 and 1977 ("the NALC Defendants") in the Court of Common

Pleas for the State of Delaware, New Castle County.  The complaint alleged that between

May 2001 and April 2005, the NALC Defendants "did not act in good faith in

representing" Reinbold pursuant to a collective bargaining agreement.  The NALC

Defendants removed the case to the District Court.  See Rienbold v. NALC Local 1977,

D. Del. Civ. No. 04-cv-00342.

Thereafter, in January 2005, Reinbold initiated a new action in the District Court

against the United States Postal Service ("USPS") and NALC Branch 191, alleging that,

between January 2003 and December 2004, the defendants engaged in unfair labor

practices and failed to adequately represent him pursuant to the collective bargaining

agreement.  See Reinbold v. United States Postal Service, D. Del. Civ. No. 05-cv-00047.

After consolidating the cases for pre-trial purposes, the District Court granted the

---

[1] Reinbold named two defendants in his present complaint, the United States Postal Service and the National Association of Letter Carriers Branch 191.  The USPS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Branch 191 filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  When, as here, a Rule 12(c) motion alleges plaintiff's failure to state a claim upon which relief can be granted, we analyze the motion under the same standard as a Rule 12(b)(6) motion to dismiss.  See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

defendants' motions for summary judgment, concluding that Reinbold could not prevail in his claims against either defendant because the NALC Defendants had "vigorously represented" him.  See DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 164-65 (1983) (holding that claims against union for breach of duty of fair representation and claims against employer for breach of contract are "inextricably interdependent," and that "[t]o prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.").

Reinbold filed another complaint in state court in August 2006, alleging that, between January 2003 and January 2005, Branch 191 and the USPS "engaged in unfair labor practices against him and failed to represent [him] per the [collective bargaining agreement]."  The case was removed to the District Court, and the defendants moved to dismiss the complaint on res judicata grounds.  The District Court granted the defendants' motions, finding that Reinbold's claims had been, or could have been, raised in his prior lawsuits.  Reinbold appealed.

Res judicata bars claims that were actually litigated or could have been litigated in the prior action.  Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984).  Reinbold's current lawsuit meets all three

requirements.  First, there is a final judgment against Reinbold in the consolidated cases described above; second, the USPS and Branch 191 were named as defendants both here and in the consolidated cases; and, finally, the consolidated cases and the present complaint are based on Reinbold's claims arising from USPS's termination of his employment and the subsequent collective bargaining grievance process.

For the foregoing reasons, we will grant the appellees' motions to summarily affirm the District Court's judgment entered on April 13, 2007.[2]

---

[2]  Reinbold's motion for appointment of counsel is denied.